UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| EAST/ALEXANDER HOLDINGS LLC, | ) Case No. 22-20151 |
|  | ) |
|  | ) Chapter 11 |
| Debtor. | ) |
|  | ) |
|  | ) |

## NOTICE OF MOTION TO EXCUSE RECEIVER FROM DELIVERING PROPERTY TO DEBTOR PURSUANT TO 11 U.S.C. § 543(d)(1)

**PLEASE TAKE NOTICE**, that, Wendy L. Dworkin of LLD Enterprises, the duly-appointed receiver (the "Receiver") of Properties owned by debtor East/Alexander Holdings LLC, (the "Debtor"), and based upon the attached motion (the "**Motion**")[1], will move before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of New York, United States Courthouse, 100 State Street, Rochester, New York 14614 on **April 26, 2022** at **11:00 a.m**., or as soon thereafter as counsel may be heard, for entry of an order, pursuant to section 11 U.S.C. § 543(d)(1) excusing the Receiver from delivering the subject Properties to the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, all responses in opposition to the relief requested in the Motion, if any, shall be in writing and shall be filed with the Clerk's Office, United States Bankruptcy Court for the Western District of New York (Rochester Division) and served upon the undersigned counsel for the Receiver so as to be received no later than 12:00 p.m. (Eastern Time) on April 22, 2022.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE NOTICE**, that complete copies of the Motion and supporting exhibits

may be obtained by contacting the undersigned counsel for the Receiver or the Clerk of the United

States Bankruptcy Court for the Western District of New York (Rochester Division).

Dated:   April 18, 2022
         Syracuse, New York

                                              Respectfully submitted,

                                              BOND, SCHOENECK & KING, PLLC

                                              By:____/s/  Camille W. Hill_____
                                                      Stephen A. Donato
                                                      Camille W. Hill
                                                      One Lincoln Center
                                                      Syracuse, NY 13202-1355
                                                      Telephone: (315) 218-8000
                                                      Fax: (315) 218-8100
                                                      Emails:  sdonato@bsk.com
                                                               hillc@bsk.com
                                                      *Attorneys for the Receiver*

TO:   East/Alexander Holdings, LLC
      785 Williams Street, Suite 352
      Longmeadow, MA  01106

      David H. Ealy, Esq.
      Cristo Law Group LLC
      d/b/a Trevett Cristo
      2 State Street, Suite 1000
      Rochester, NY  1461

      Timothy P. Lyster, Esq.
      Woods Oviatt Gilman LLP
      1900 Bausch & Lomb Place
      Rochester, NY  1460

      Shannon A. Scott, Esq.
      Office of the United States Trustee
      U.S. Federal Building
      201 Varick Street, Suite 1006
      New York, NY  10014

13967886.1

Kathleen D. Schmitt, Esq.
Office of the United States Trustee, WDNY
Federal Office Building
100 State Street, Room 4180
Rochester, NY  14614

Debtor's Twenty Largest Unsecured Creditors

All Creditors and Parties Filing Notices of Appearance

13967886.1
Case 2-22-20151-PRW,   Doc 40,   Filed 04/18/22,   Entered 04/18/22 17:19:21,
Description: Main Document  , Page 3 of 15

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 22-20151 |
| EAST/ALEXANDER HOLDINGS LLC, | ) |
|  | ) Chapter 11 |
| Debtor. | ) |
|  | ) |
|  | ) |

## MOTION TO EXCUSE RECEIVER FROM DELIVERING
## PROPERTY TO DEBTOR PURSUANT TO 11 U.S.C. § 543(d)(1)

Wendy Dworkin, Esq. of LLD Enterprises, the duly-appointed receiver (the "Receiver") of

properties owned by debtor East/Alexander Holdings LLC (the "Debtor"), by and through her

undersigned counsel, hereby moves this Court (this "Motion") for an Order, pursuant to section

543(d)(1) of title 11 of the United States Code, §§ 101, *et seq.*, as amended (the "Bankruptcy

Code") excusing the Receiver from delivering the subject properties to the Debtor.  In support of

this Motion, the Receiver relies on the *Affidavit of Wendy Dworkin, Esq. in Support of the Motion*

*to Excuse Receiver From Delivering Property to Debtor Pursuant to 11 U.S.C. 543(d)(1)*, sworn

to on the 18th day of April, 2022 (the "Dworkin Affidavit")[1] attached hereto as **Exhibit 1**.[2]  In

further support of this Motion, the Receiver respectfully represents as follows:

### JURISDICTION

1.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2)(A).

---

[1] References to the Dworkin Affidavit herein shall be cited as "Dworkin Aff., ¶ __".
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Dworkin Affidavit.

2.      The basis for the relief requested herein is section 543(d)(1) of the Bankruptcy Code.

## BACKGROUND

**A.      Introduction**

3.      A comprehensive discussion of the facts and circumstances surrounding the appointment of the Receiver, the transition of the Properties to her charge, and her interactions with the Debtor and its agents that form the basis for the relief requested herein are set forth in the Dworkin Affidavit.  The Receiver respectfully refers the Court to the Dworkin Affidavit, which is incorporated by reference herein.

4.      On April 1, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code [Docket No. 1].

5.      The Debtor is a New York limited liability company which owns and operates three residential and commercial buildings, and associated parking lots, situated at or in proximity to the corners of East Avenue and Alexander Streets in Rochester, New York (collectively, the "Properties").[3]  Dworkin Aff., ¶ 2.  The Properties are commonly known as the "Sibley Building", the "Fitch Building", and the "Valley Building".  *Id.*

6.      On January 18, 2022, the New York Supreme Court, County of Monroe issued an Order for the Appointment of a Receiver (the "Receivership Order") pursuant to which the Receiver was appointed to operate and manage the Properties in connection with a foreclosure action commenced against the Debtor and guarantor Louis Masaschi ("L. Masaschi") by secured

---

[3] The Properties are located at: 360 East Avenue; 364-370 East Avenue; 355-364 East Avenue; 333-351 East Avenue; 337-339 Alexander Street; 301 Alexander Street; 297 Alexander Street; 335-335.5 Alexander Street; 189-191 Charlotte Street; and 185 Charlotte Street, Rochester, New York 14604.

2

13968096.1
Case 2-22-20151-PRW,   Doc 40,   Filed 04/18/22,   Entered 04/18/22 17:19:21,
Description: Main Document  , Page 5 of 15

creditor M360 Community Development Fund, LLC ("M360"). *Id.*, ¶¶ 4, 7. The Debtor did not oppose the entry of the Receivership Order in January 2022. *Id.*, ¶ 9.

7.      As of the Petition Date, the Debtor was indebted to M360 in the approximate amount of $16,900,000.00. *Id.*, ¶ 14. The Properties have been appraised for approximately $10,000,000.00. *Id.* M360 holds a first position mortgage lien and security interest covering substantially all of the Debtor's assets, including its real property, accounts, inventory, equipment, fixtures, general intangibles, chattel paper, documents and instruments, rental income, after-acquired property and proceeds from all assets. *Id.*, ¶ 6. The interest-only payments due under the mortgage total approximately $85,000.00. *Id.*, ¶ 14.

8.      The Debtor has not yet filed its Schedules and Statement of Financial Affairs, which are due by April 22, 2022 [*See* Order, Docket No. 39]. It would appear, however, that the claim asserted by M360 will control both the secured and general unsecured classes in this case.

9.      Prior to the entry of the Receivership Order, the Properties were managed by the Debtor's affiliate, Big Crow North Management, Inc. ("Big Crow North"), a corporation owned by L. Masaschi's brother, Thomas Masaschi ("T. Masaschi"). Both L. Masaschi and T. Masaschi are indirect owners and insiders of the Debtor. *Id.*, ¶ 8.

10.      As described more fully in the Dworkin Affidavit as set forth generally in the Contempt Motion, the Debtor has not fully cooperated with the Receiver concerning the transition of the Properties to her, has refused to turn over rental payments and security deposits (*Id.*, ¶¶ 20, 21), and has withheld critical financial information in its, or its agents', possession (*Id.*, ¶ 18). In addition, the Receiver discovered that (i) there were significant unaddressed safety issues affecting the Properties (*Id.*, ¶ 19); (ii) the Debtor has entered into insider deals with its affiliate, American Urban Realty, LLC (*Id.*, ¶ 23); (iii) parking lot receipts and certain payments to Big Crow North

13968096.1
Case 2-22-20151-PRW, Doc 40, Filed 04/18/22, Entered 04/18/22 17:19:21,
Description: Main Document , Page 6 of 15

were missing or not accounted for (*Id.*, ¶¶ 25, 26); (iv) the Debtor had failed to pay a real property taxes totaling $481,525.41 (*Id.*, ¶ 15); and (v) the Debtor and its agents are engaged in activities designed to undermine the Receiver's ability to properly manage and operate the Properties (*Id.*, ¶ 28).

**RELIEF REQUESTED**

11.     By this Motion, the Receiver seeks the entry of an order, pursuant to section 543(d) of the Bankruptcy Code: (i) excusing the Receiver from complying with sections 543(a) and (b) of the Bankruptcy Code, (ii) authorizing the Receiver to continue as receiver of the Properties pursuant to the Receivership Order; and (iii) granting such other and further relief as is just and proper.

12.     The Receiver respectfully submits that, based on the Debtor's past actions and mismanagement of the Properties, its creditors have been damaged and prejudiced, such that it is not in any creditor's best interest to allow the Debtor or its former management company to regain possession of, and management responsibility for, the Properties.  In light of M360's position in this case, it is unlikely that the Debtor will be able to confirm a chapter 11 plan, and the Properties should not be restored to the Debtor's possession while it attempts to do so.  The Debtor's past actions demonstrate that it is unable to operate the Properties for anyone's interests other than its own and those of its affiliates and insiders.  The interests of the creditors in this chapter 11 case are best served by allowing the Receiver to remain in place and by empowering her to continue to in possession and management of the Properties as provided in the Receivership Order. Maintaining the Receiver as the custodian of the Properties will stabilize the operation of the Properties and will not prejudice the Debtor or the Properties' tenants in any way.

13.     The Receiver has advised that she is willing to prepare and file the monthly operating reports required by the Office of the United States Trustee in this case. *Id.*, ¶ 31.  As such, there will be no prejudice to the Debtor in that regard.

14.     For all of the foregoing reasons, and based on the applicable legal authorities cited herein, the Receiver respectfully requests that Court grant the relief requested herein, excuse the Receiver from compliance with sections 543(a) and (b) of the Bankruptcy Code, and allow her to remain in possession and management of the Properties, all in accordance with section 543(d)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

15.     Sections 543(a) and (b) of the Bankruptcy Code require a "custodian" to turn over to a trustee or debtor in possession any property of the debtor that is in the possession, custody, or control of the custodian, unless the Court orders otherwise. 11 U.S.C. § 543(a), (b); *see also Dill v. Dime Savings Bank, FSB (In re: Dill)*, 163 B.R. 221, 225 (E.D.N.Y. 1994).  "Custodian", as defined in the Bankruptcy Code, includes a state court-appointed receiver.  11 U.S.C. § 101(11).

16.     Courts, however, frequently excuse court-appointed receivers from compliance with section 543 in the interests of creditors pursuant to section 543(d) of the Bankruptcy Code. *See e.g. Vanderveer Estates Holding, LLC*, 293 B.R. 560, 561 (Bankr. E.D.N.Y. 2003); *In re Olympia & York Maiden Lane Co*., LLC, 233 B.R. 662, 666-67 (Bankr. S.D.N.Y. 1999); *In re 400 Madison Ave. Ltd., Partnership*, 213 B.R. 888, 896 n.16 (Bankr. S.D.N.Y. 1997); *In re LCL Income Properties, L.P. VI*, 177 B.R. 872, 873 (Bankr. S.D. Ohio 1995) (retaining receiver in single asset real estate case)

17.     Section 543(d) of the Bankruptcy Code permits bankruptcy courts to excuse a receiver's compliance with the turnover provisions of section 543 if the interests of creditors would

5

be better served by permitting the receiver to continue in possession, custody, or control of the debtor's property being held by the receiver, stating in relevant part that:

(d) After notice and hearing, the bankruptcy court—

(1) may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property, and

(2) shall excuse compliance with subsections (a) and (b)(1) of this section if the custodian is an assignee for the benefit of the debtor's creditors that was appointed or took possession more than 120 days before the date of the filing of the petition, unless compliance with such subsections is necessary to prevent fraud or injustice.

11 U.S.C. §543(d).

18.     A Court considering whether to exercise its discretion under section 543(d) may consider several factors indicative of whether the interests of creditors would be better served by permitting a receiver to continue in possession of property of a debtor.  These factors have evolved to include: (i) whether there will be sufficient income to fund a successful reorganization; (ii) whether the debtor will use the turnover property for the benefit of creditors; (iii) whether there has been mismanagement by the debtor; (iv) whether or not there are avoidance issues raised with respect to property retained by the receiver; and (v) the fact that the bankruptcy stay has deactivated the state court receivership action.  *See, In re 400 Madison Ave. Ltd.*, 213 B.R. 888, 895 (Bankr. S.D.N.Y. 1997); *see also Dill v. Dime Sav. Bank,* 163 B.R. 221, 225 (Bankr. E.D.N.Y. 1994); *In re Lizeric Realty Corp.*, 188 B.R. 499, 506-07 (Bankr. S.D.N.Y. 1995).  Notably, the interests of the debtor are not relevant to the determination of whether to except a custodian from the turnover provisions. *See French Bourekas, Inc. v. Turner*, 199 B.R. 807, 819 (E.D.N.Y. 1996); *In re Dill*, 163 B.R. at 224 ("[T]he interests of the Debtor, however, are not part of the criteria considered

6

when applying section 543(d)(1)"). Moreover, not all of the factors need be present for a receiver to be excused from the turnover provisions pursuant to Section 543(d)(1). *See In re Lizeric Realty*, 188 B.R. 499 (Bankr. S.D.N.Y. 1995).

19.     Application of the relevant factors supports excusing the Receiver from the turnover provisions under section 543(a) and (b) of the Bankruptcy Code in the Debtor's chapter 11 case.

(i)     There Is Insufficient Income to Fund a Successful Reorganization

20.     Based on the information provided by counsel for M360 at the April 8, 2022 emergency cash collateral hearing (Dworkin Aff., ¶ 13) and the financial information turned over to the Receiver, the Properties do not generate sufficient excess cash flow from which the Debtor could formulate, propose and later confirm a plan of reorganization.  The obligations secured by the Properties far exceed their appraised value. (*Id.*, ¶ 14).  Secured creditor M360 advised that it objects to the Debtor's use of cash collateral, (*Id.*, ¶ 13), and that it plans to file a motion seeking relief from the automatic stay soon in order to continue to Foreclosure Action.  (*Id.*)  Further, there are not enough funds available for the Debtor to make the full interest-only payment in the amount of $85,000.00 due the secured creditor.  *Id.*, ¶ 14.  The Debtor's only source of income is the rental income derived from leasing the Properties' residential and commercial units, and the income generated from its public parking lots.  Simply stated, there isn't enough revenue generated by the Properties, viewed either individually or collectively, from which the Debtor could meet its usual and customary operating expenses, make the interest-only payments to the secured creditor, and support payments to other creditors under a chapter 11 plan.  In addition, the Receiver submits that the Debtor's questionable pre-receivership operation of the Properties has caused serious concerns that the Properties have declined in value.

(ii)     The Debtor Has Mismanaged the Properties

21.     As set forth in the Dworkin Affidavit, the Debtor mismanaged the Properties prior to entry of the Receivership Order by failing to timely pay its creditors, by failing to make needed repairs, and by entering into questionable transactions with its insiders and affiliates. (*Id.*, ¶¶ 15, 19, 22, 23, 26). The Receiver does not believe that Debtor is now suddenly capable of properly managing the Properties, making timely payments to M360 and its creditor, or refraining from, and properly accounting for, transactions with its affiliates.

22.     Additionally, the Debtor continues to interfere with the Receiver's management of the Properties. (*Id.*, ¶ 28). The Debtor has failed to provide the Receiver with the February 2022 rents derived from the Properties, turn over tenant security deposits for the Properties, account for additional funds transferred to Big Crow North in excess of its management fee, or provide documents requested by the Receiver that would allow the Receiver to appropriately manage the Properties. (*Id.*, ¶¶ 18, 20, 26). Moreover, American Urban Realty, LLC, owned by T. Masaschi, leases three units in the Sibley Building for well below market rate, and has failed to pay any rent to the Debtor for February, March, or April, 2022. (*Id.*, ¶ 23). The Debtor has also failed to account for evening parking lot rents. (*Id.*, ¶ 25). This additional rental income should be made available to satisfy creditor claims.

23.     Finally, despite its consent to the entry of the Receivership Order, the Debtor has acted in less than good faith by actively interfering with the transition of the Properties to the Receiver and the Receiver's ongoing duties. (*Id.*, ¶¶ 18, 28).

24.     Accordingly, as a consequence of the Debtor's past failures to pay creditors, gross mismanagement, self-dealing with respect to the Properties, the Debtor's creditors have suffered extraordinary damage and prejudice, such that it is not in any party's interest to allow the Debtor

13968096.1
Case 2-22-20151-PRW, Doc 40, Filed 04/18/22, Entered 04/18/22 17:19:21,
Description: Main Document , Page 11 of 15

to regain possession and management of the Properties. Importantly, maintaining the Receiver as custodian of the Properties will not prejudice the Debtor in any way, or otherwise interfere with or prevent the Debtor from otherwise discharging its duties under the Bankruptcy Code.

        (iii)    <u>There Are No Known Avoidance Issues</u>

25.      The *Dill* court found it relevant for a court to evaluate whether or not there are avoidance issues raised with respect to the property controlled by a receiver, in part, because a court-appointed receiver does not possess avoiding powers for the benefit of the estate. As the Debtor has not yet filed its Schedules and Statement of Financial Affairs in this case, the Receiver does not have enough information to determine whether there are potential avoidance actions in this case. In any case, maintaining the Receiver as custodian of the Properties will not prevent the Debtor from commencing avoidance actions on behalf of Debtor's estate. Thus, application of this factor militates in favor of maintaining the Receiver in place.

        (iv)    <u>The Debtor Will Not Use the Properties For the Benefit of Creditors</u>

26.      The Debtor has demonstrated that it is not capable of using the Properties solely for the benefit of its creditors, and therefore the Court should excuse the Receiver from the turnover provisions of the Bankruptcy Code. The court in *Lizeric* excused a receiver from the turnover provisions, explaining:

> [G]iven debtor's previous mismanagement of the Building, it does not appear that the debtor will operate it for the benefit of creditors. Prior to the receiver's appointment, debtor defaulted under two mortgages, failed to pay taxes and permitted liens to be filed against the Building.

*Lizeric* 188 B.R. at 507.

27.      The Debtor in the instant case also has failed to pay its mortgage, real property taxes, and other obligations; however, it somehow managed to pay Big Crow North each month. The Properties do not generate sufficient income to cover monthly operating expenses, pay secured

debt, or provide a recovery to unsecured creditors. Moreover, the Properties appear to the significantly undersecured and M360 will soon file a motion seeking relief from the stay. (*Id.*, ¶ 13).

28.     The Debtor has also demonstrated its inability to operate the Properties solely for the benefit of its creditors by entering into below-market transactions with an affiliate (*Id.*, ¶ 23), and by failing to account for parking lot rental income and certain pre-receivership payments made to Big Crow North. (*Id.*, ¶¶ 25, 26). Consequently, there is nothing positive to be gained by returning possession of the Properties to the Debtor, only the risk that the improper pre-receivership behavior will continue.

29.     At a minimum, excusing the Receiver from turning over the Properties to the Debtor will ensure that rents are properly collected, accounted for, and used to maintain, operate, and manage the Properties. *See, e.g., In re CCN Realty Corp.*, 19 B.R. 526, 529 (Bankr. S.D.N.Y. 1982) (in determining that the receiver is properly excused from the turnover requirements of Section 543, the court noted that the lender was justifiably concerned that the turnover by the receiver to the debtor of rent proceeds is a prelude to proceeds being frittered away). As discussed in the Dworkin Affidavit, the Debtor, *even after* the appointment of the Receiver, continues to improperly retain tenant rents and revenue generated from parking lots. (*Id.*, ¶ 20).

30.     Accordingly, there is sufficient basis for this Court to determine that the Debtor will not use the rents for the benefit of its creditors. Putting the Properties back under the control of the Debtor and its principals would undo many of the advances made by the Receiver, and is not in the best interest of the creditors or the bankruptcy estate.

13968096.1

(v) <u>The Bankruptcy Stay has Deactivated the Foreclosure Action</u>

31.     Finally, the imposition of the automatic stay has deactivated the pending Foreclosure Action.  The Debtor has expressly stated that its sole purpose in filing the captioned case is to stay the Foreclosure Action and regain control of the Properties.  (*Id.*, ¶ 30).

32.     In light of the foregoing, the Receiver respectfully submits that it is in the best interest of the Debtor's creditors, and the tenants of the Properties, to excuse the Receiver from delivering the Properties and related assets to the Debtor and to keep the Receiver in possession of the assets pursuant to the terms of the Receivership Order.

33.     In the event that this Court is unable to rule on the Motion based on the supporting papers, the Receiver respectfully requests that the Court schedule an evidentiary hearing to address the issues.

## NOTICE

34.     Copies of this Motion have been served upon (i) the Office of the United States Trustee for the Western District of New York; (ii) counsel for the Debtor; (iii) counsel for M360; and (iv) the Debtors' twenty largest unsecured creditors as set forth in the consolidated list filed with the Debtor's petition.  Notice of the Motion has been provided to all creditors in the Debtor's case.  In light of the nature of the relief requested herein, the Receiver submits that no further notice is required.

35.     No previous application for the relief sought in this Motion has been made to this Court.

13968096.1
Case 2-22-20151-PRW,   Doc 40,   Filed 04/18/22,   Entered 04/18/22 17:19:21,
Description: Main Document  , Page 14 of 15

**WHEREFORE**, the Receiver respectfully requests that the Court enter an Order pursuant to section 543(d)(1) of the Bankruptcy Code (i) excusing the Receiver from compliance with Section 543(a) and (b) of the Bankruptcy Code; (ii) authorizing the Receiver to continue as receiver of the Properties in accordance with the Receivership Order; and (iii) granting Receiver such other and further relief as is just and proper.

Dated:  April 18, 2022
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:   /s/ Camille W. Hill
      Stephen A. Donato
      Camille W. Hill
      One Lincoln Center
      Syracuse, NY 13202-1355
      Telephone: (315) 218-8000
      Fax: (315) 218-8100
      Emails:  sdonato@bsk.com
             hillc@bsk.com

*Attorneys for the Receiver*

13968096.1